IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>ISAAC MURPHY,<br>Defendant. | Case No. 3:22-cr-00056-SLG-MMS |

**ORDER ON MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE**

Before the Court at Docket 73 is Defendant Isaac Murphy's pro se Motion for Early Termination of Supervised Release. At Docket 75, the Government filed a response indicating that it does not oppose early termination of supervised release.

**BACKGROUND**

On March 25, 2024, this Court sentenced Mr. Murphy to 21 months' imprisonment and four years of supervised release after he pled guilty to distribution of a controlled substance.[1] On October 8, 2024, Mr. Murphy began his

[1] Docket 67 at 1-3.

term of supervised release.[2] Mr. Murphy's term of supervised release is set to expire on October 7, 2028.[3]

This Court previously denied Mr. Murphy's prior motion for early termination of supervised release without prejudice to renewal once Mr. Murphy had completed half of his supervised release term, which occurred on October 7, 2026.[4]

## LEGAL STANDARD

Pursuant to 18 U.S.C. § 3583(e), a court may

> terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice[.]

A district court may only terminate supervised release after considering the factors in § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7).[5] Those factors are the nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence imposed to afford adequate deterrence, protect the public, and provide the defendant with training, care, or correctional treatment; the sentencing range established by the United

[2] Docket 71 (SEALED) at 1.

[3] Docket 71 (SEALED) at 1.

[4] Docket 72 at 4-5.

[5] 18 U.S.C. § 3583(e).

States Sentencing Guidelines and pertinent policy statements; the need to avoid unwarranted sentencing disparities; and the need to provide restitution.

The United States Sentencing Guidelines Manual lists factors that a court may consider in determining whether to terminate a remaining term of supervised release:

> (i) any history of court-reported violations over the term of supervision;
>
> (ii) the ability of the defendant to lawfully self-manage (*e.g.,* the ability to problem-solve and avoid situations that may result in a violation of a condition of supervised release or new criminal charges);
>
> (iii) the defendant's substantial compliance with all conditions of supervision;
>
> (iv) the defendant's engagement in appropriate prosocial activities and the existence or lack of prosocial support to remain lawful beyond the period of supervision;
>
> (v) a demonstrated reduction in risk level or maintenance of the lowest category of risk over the period of supervision; and
>
> (vi) whether termination will jeopardize public safety, as evidenced by the nature of the defendant's offense, the defendant's criminal history, the defendant's record while incarcerated, the defendant's efforts to reintegrate into the community and avoid recidivism, any statements or information provided by the victims of the offense, and other factors the court finds relevant.[6]

The Introductory Commentary to United States Sentencing Guideline Part D provides that a court should conduct an individualized assessment when determining whether to impose a term of supervised release and, if one is imposed,

[6] U.S. Sent'g Comm'n Guidelines Manual § 5D1.4, comment. (n. 1(B)) (Nov. 2025).

the appropriate length of supervised release and its terms. With an individualized assessment, a "court can 'assure that [those] who will need post-release supervision will receive it' while 'prevent[ing] probation system resources from being wasted on supervisory services for releasees who do not need them.'"[7] Federal Rule of Criminal Procedure 32.1 provides the procedural mechanism for modifying terms of supervised release.

**DISCUSSION**

Mr. Murphy contends that the Court should terminate his supervised release term early because he has successfully completed more than one year of supervised release, he has fully complied with all conditions of supervised release, he has been gainfully employed, and he has traveled out of District with permission from the Probation Office without incident.[8] Further, Mr. Murphy maintains that his "employment advancement, leadership involvement, community participation, and full compliance demonstrate that he poses no risk to the community and has successfully reintegrated into society."[9]

In the memorandum submitted by the U.S. Probation Office regarding Mr. Murphy's prior motion for early termination of supervised release, the Probation Officer confirmed that Mr. Murphy has "maintained stable residence with his wife

---

[7] USSG Ch.5, Pt.D, intro. comment. (quoting S. Rep. No. 98-225, at 54 (1983)).

[8] Docket 73 at 1-2.

[9] Docket 73 at 2.

and children," "demonstrated progress and upward mobility" in "terms of employment," and has actively engaged in substance abuse and mental health treatment.[10] Further, the Probation Office noted that Mr. Murphy "remains in full compliance with the conditions of supervision." At that time, "[t]he only objection" U.S. Probation has to early termination of supervised release was that Mr. Murphy has not yet completed half of his four-year term of supervised release.[11]

The Court has considered the applicable § 3553(a) factors. Mr. Murphy's offense was serious as it involved the distribution of illegal drugs. It appears that Mr. Murphy's incarceration and time on supervised release, as well as the treatment that Mr. Murphy has engaged in, has deterred him from further illegal activity. The Court also finds that there is no further need to provide Mr. Murphy with training or care, to protect the public, or to provide restitution. Mr. Murphy has performed well on supervision, he has maintained stable housing, demonstrated upward mobility in employment, engaged in substance abuse and mental health treatment, and has traveled out of District with Probation's permission and without incident on several occasions. Further, Mr. Murphy has now completed half of his term of supervised release and therefore the Court finds that early termination of supervised release is warranted at this time.

---

[10] Docket 71 (SEALED) at 1.

[11] Docket 71 (SEALED) at 2.

Therefore, Mr. Murphy's Motion for Early Termination of Supervised Release at Docket 73 is **GRANTED**.

DATED this 7th day of October 2026, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE